## R. Wells & Co. *v.* A. St. Dizier.

A party cannot be admitted to prove what he has not alleged. The general issue reduces the controversy between the parties to the question of the truth or falsity of the plaintiff's allegations, and the legal effect of the facts when proved.

The petition alleged that defendant had taken possession of the property in dispute without title. *Held:* under a general denial, defendant could not give evidence of title.

The affidavit for sequestration was in these words: "He, said affiant, fears that the defendant, *Auguste St. Dizier*, will conceal, part with, or dispose of the flatboat and lumber, claimed in the within petition, during the pendency of this suit." Held to be sufficient. *Ogden*, J., *Voorhies*, J., and *Buchanan*, J., concurring.

Even if the allegations be indefinite, yet if it appears from the previous proceedings in the cause that the opposite party had sufficient notice of the nature of the demand or defence intended to be advanced, and could not have been surprised, evidence to support such demand or defence will be received. *Slidell*, C. J., dissenting, *Campbell*, J., concurring.

APPEAL from the District Court of the Parish of Iberville, *Robertson*, J. *Labauve*, for plaintiff and appellant:

Defendant, under his plea of the general issue, offered to prove on trial the sale of the flatboat and lumber by this hand to him, defendant. The plaintiffs objected to this introduction of such evidence and testimony, on the grounds that such evidence and testimony was not authorized by the pleadings and answers. The court admitted the evidence and testimony, and the plaintiffs excepted to the decision of the court. (See the receipt for boat and lumber, document marked B., and bill of exceptions, page 13 of record.) The court certainly erred. It seems to be clear that such an important fact, not personal to the plaintiffs, going to defeat their right of action, and extinguishing their right and title to the property in dispute, should have been specially pleaded and set forth in the answer. *Glime* v. *Teausie*, 6 La., 457; *Mortimer* v. *Tappan*, 9 La., 111; *N. O. Gas Light and Banking Co.* v. *Hudson*, 5 Rob., 486; *Landry* v. *Bougnon*, 17 La., 82; *Davis* v. *Davis*, Ib., 259; *White* v. *Merino*, Ib., 371; *McKown* v. *Mather*, 19 La., 542, 3 An., 325; *Bludworth* v. *Hunter*, 9 Rob., 256. Pleas of payment, novation, &c., must be specially pleaded and set forth in the answer, because they extinguish and destroy the title and the obligation held by the party. So, in this case, a sale by the agent to the defendant would have extinguished and destroyed plaintiff's title to the boat and lumber.

*Robertson*, for defendant:

The statement of facts set forth in the affidavit, did not authorize the issuing of the writ, and is not such as would subject the party to the penalties of perjury, if the facts sworn to were proven to be otherwise. C. P., art. 275, sec. 2; *Watkinson* v. *Black*, 14 L. R., 351; *Ranaldson* v. *Hamilton*, 5 A., 20.

As a general rule, every means of defence, such as payment, &c., which goes to show the extinguishment of an obligation admitted, or proved to have once existed, must be pleaded specially. The object of this rule is apparent, it prevents a party from being taken by surprise. But we think the circumstances of this case form an exception to the rule, and respectfully submit that its application to a case of this nature would produce manifest injustice. The plaintiff does not sue upon an obligation, as for the price of the things sold, but alleges we have taken possession of his property without title, and sues for its recovery. He does not directly repudiate the acts of his agent, by whose authority the contract divesting him of his title was made, as we think he should have done, in bringing his action; nor can *he plead ignorance of his acts*, (see *Wolfe* v. *Rogers*, 6 R., 100,) he could not therefore have been taken by surprise when defendant offered to prove a contract, and payment under it, to show an adverse title in himself, or any other fact tending to destroy plaintiff's right of action.

We think the case of *Fram* v. *Allen*, 3 M., 381, applicable. The court say: "This is an action brought upon an account current, unsettled between the parties—the plaintiff claims a balance, and appellant (defendant) has pleaded the general issue. On the trial of the cause below, the appellant offered to prove that the plaintiff had omitted in the account sundry credits in his favor; but

WELLS & Co.
    *v.*
St. Dizier.

the evidence was refused on the ground that he had not pleaded compensation specially. The court held that where, instead of demanding the price of the goods by him furnished, the plaintiff undertakes to oppose the defendent's claim to his, in order to compare them, &c., it cannot be said that either of the claims are liquidated, for the very object of the suit is to obtain that liquidation. In such a case, *both* accounts are put at issue, and any evidence tending to support or contradict the correctness of either, ought to be admitted."

In the case of *Davis* v. *Davis' Syndic,* 17 L. R., 262, the court held : " That under the plea of the general issue, the defendant had a right to show that the plaintiff *had no claim at all,* or a lesser one than that set up. Under the same plea he might have shown money legally expended, and in general, every payment to *any other person* but the plaintiff, which tended to destroy or lessen his liability, as averred by the plaintiff." In the case of *Bonnabel* v. *Bouligny,* 1 R., 293, it was decided that "under the general issue, defendant had the right to show *any fact* tending to prove that he was not indebted to the plaintiff, as set forth in the petition.

OGDEN, J., (VOORHIES, J., and BUCHANAN, J., concurring.) This is an action to recover a flatboat of lumber, alleged by the plaintiffs to be their property, and to have been found in the possession of the defendant without any title to it. The prayer of the petition is that the defendant be condemned to deliver up to the petitioners the boat and lumber, or in default thereof, to pay its value—twelve hundred and fifty dollars.

The answer is a general denial of the allegations of the petition.

On the trial of the cause in the Court below, the defendant offered in evidence a receipt for $500, signed by one *F. Pearson,* purporting to be for the price in full for a boat and its contents of lumber, and also offered parol testimony to prove that he had purchased and paid for the property in dispute. The plaintiffs objected to the introduction of the evidence on the ground of its inadmissibility under the pleadings. The objection was overruled and the evidence received, to which the plaintiffs took their bill of exceptions. We think the Judge *a quo* erred in admitting the evidence. The rule is, that a party cannot be admitted to prove what he has not alleged. If the defendant intended to rely on a title by purchase from *Pearson* as the ostensible owner, he should have pleaded it in his answer. The general issue reduces the controversy between the parties to the question of the truth or falsity of the plaintiffs' allegations and the legal effect of the facts when proved. It is contended that this case forms an exception to the general rule, because it is alleged in the petition that defendant had taken possession of the property in dispute without title. We are unable to see why, on that account, a different rule of pleading should exist from the general one. If the plaintiffs had claimed damages for a trespass, besides claiming the property or its value, such evidence could have been received under the general issue in mitigation of the damages, but there is no principle under which it could be admitted, without having been specially pleaded in order to prove ownership.

The sequestration was set aside on motion of defendant's counsel, on the general ground of errors apparent on the face of the record. The grounds for dissolving the sequestration ought to have been specially assigned in the Court below; but no objection was taken by the plaintiffs to the form of the motion.

The grounds presented by the defendant's counsel in this Court are :

1st. That the affidavit is insufficient, in not stating that the defendant was about to remove the property out of the jurisdiction of the Court.

2d. That the plaintiffs do not swear to the ownership of the property.

3d. That the affidavit, being in the alternative, is defective, vague and uncertain.

4th. That the affidavit is not such as would subject the party to perjury, if the facts sworn to were proven to be otherwise.

The words of the affidavit are, "He, said affiant, fears that the defendant, *Auguste St. Dizier*, will conceal, part with or dispose of the flatboat and lumber, claimed in the within petition, during the pendency of this suit." This, we think was a literal compliance with the article of the Code of Practice as amended by the Statute of 20th of March, 1839. The sequestration was improperly set aside and should be reinstated.

Although we think the evidence on the part of the defendant was inadmissible under the pleadings, and cannot give our sanction to such a loose practice of pleading, we are not willing, under the circumstances of this case to preclude the defendant from setting up a title to the property under the receipt, which was improperly received in evidence, and conclude that justice requires the case should be remanded, with leave to the defendant to amend his answer.

It is therefore ordered, adjudged and decreed that the judgment of the Court below be amended and reversed, the sequestration reinstated and the cause remanded for a new trial, the defendant to pay the costs of the appeal.

SLIDELL, C. J., (with whom concurred CAMPBELL, J.,) dissenting. I think there are circumstances in this case which bring it within the rule frequently recognized, that even if the allegations be indefinite, yet if it appears from the previous proceeding in the cause, that the opposite party had sufficient notice of the nature of the demand, or defence, intended to be advanced, and could not have been surprised, evidence to support such demand or defence will be received. See the cases collected in Hennen's Digest, verbo *Pleading*, p. 1211, No. 2.

In the present case we find that in the deposition of a witness examined on the part of the plaintiffs, taken some months before the trial, the fact of a sale having been made by the person left in charge of the boat and lumber by plaintiffs' agent, was sworn to; and at the trial of the cause it was proved by the plaintiffs' witnesses, on their direct examination, that the agent had full authority to sell the lumber any where on his voyage down the river, from the State of Mississippi to New Orleans; that this agent had stated to divers persons living in the neighborhood that they might buy from *Pearson*, the person left by him in charge, any lumber they might want, and that *Pearson* had sold portions of the lumber to two neighbors of the defendant, delivered the lumber and received the money.

It is proper to observe that no application for continuance on the ground of surprise was made by the plaintiffs. If there had been, and the application had been refused, a different case might have been presented, upon which no opinion need be now given.

Upon the merits, I consider the evidence offered by the defendant, coupled with that offered by the plaintiffs, sufficient to justify the decree of the Court below dismissing the plaintiffs' action.

For the above reasons I think the judgment should be affirmed.